# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| ED CHAN and BRENDAN J. KAVANAUGH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No. 2:15-cv-2106-CCC-JBC [consolidated with Civil Action No. 2:16-cv-6605-CCC-JBC] |
| ROY JONES and ALYCE RUBINFELD, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC., A DELAWARE CORPORATION AND DOES 1-10 INCLUSIVE,<br><br>Defendants. | |

**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND ENHANCEMENT AWARDS**

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Motion for an Order Granting Final Approval of the Class Action and Certifying a Settlement Class and Motion for Attorneys' Fees, Expenses, and Enhancement Awards;

**WHEREAS**, the Court finds that it has jurisdiction over the Action;

**WHEREAS**, as a condition of the Agreement, Plaintiffs, on behalf of themselves, and individually, and (upon class certification for settlement purposes only) on behalf of each of the Settlement Class Members, have agreed to release all claims as specified in Paragraph 47 of the Agreement;

**WHEREAS**, on April 11, 2017, the Court granted Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement and Provisional Class Certification (the "Preliminary Approval Order");

**WHEREAS**, the Court held a hearing on October 6, 2017 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of any objections to the Settlement, and has given fair consideration to such objections;

**WHEREAS**, the Court has read and considered Plaintiffs' Motions, the Agreement, and all arguments and submissions related to the Motions, including the Class Action Settlement Agreement, and the exhibits hereto (the "Settlement Agreement" or the "Settlement"), and any objections to the proposed Settlement; and

**WHEREAS**, the Court is otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the parties, and the requirements of law

**IT IS HEREBY ORDERED:**

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all defined terms used herein shall have the same meanings as

set forth in the Agreement.

2. The Court has subject matter jurisdiction over this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Settlement Class.

3. The terms of the Settlement Agreement are finally approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the likelihood that Plaintiffs would prevail at trial; the range of possible recovery available to such Plaintiffs; the consideration provided to Settlement Class Members pursuant to the Settlement Agreement as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense and possible duration of such litigation in the absence of a settlement; the nature and extent of any objections to the Settlement; and the stage of the proceedings at which the Settlement was reached.

4. The proposed Settlement was entered into by experienced counsel and only after extensive arms'-length negotiations, including thorough mediation supervised by an experienced mediator. The proposed Settlement is not the result of collusion. The proposed Settlement was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

5. Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following Settlement Class for purposes of final approval:

> All current and former owners and lessees of a Class Vehicle bought or leased (new or used) from an authorized Porsche dealer in the United States. Excluded from the Settlement Class are the following: (i) officers and directors of PCNA (as those terms are defined above); (ii) the judge to whom this Action is assigned and any member of that

judge's immediate family; (iii) Insurers of the Class Vehicles; (iv) all persons and/or entities claiming to be subrogated to the rights of Class Members; (v) issuers or providers of extended vehicle warranties or issuers or providers of extended service contracts; (vi) individuals and/or entities who validly and timely opt-out of the Settlement; (vii) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means); (viii) current and former owners of a Class Vehicle that previously have released their claims against PCNA with respect to the issues raised in the Action; (ix) any current or former owner or lessee of a Class Vehicle that has received or obtained full reimbursement in money or in kind (goodwill) or warranty replacement or assistance with respect to replacement of a windshield on a Class Vehicle; (x) United States residents that have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad; (xi) individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company vehicles); and (xii) judges of the United States Court of Appeals for the Third Circuit or justices of the United States Supreme Court. "Class Vehicle(s)" are model year 2007-2016 Porsche brand vehicles with a Luxor Beige, Sand Beige, Cognac, Platinum Grey, or Natural Brown dashboard.

6.     This Court has determined that, for the purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites. The Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

7.     The Court finds, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of those members of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all the members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.     The Court finds that any applicable requirements of the Class Action

Fairness Act have been met.

9. The Court finds that Plaintiffs Ed Chan, Roy Jones, Alyce Rubinfeld and Brendan J. Kavanagh fairly and adequately represent the interests of the Settlement Class and therefore designates them as Representative Class Plaintiffs.

10. Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and the arguments of the Parties, the Court designates as Class Counsel the law firms of Capstone Law APC, The Law Office of Robert L. Starr, and The Law Offices of Stephen M. Harris, P.C. The Court finds that based on the work Class Counsel have done in identifying, investigating, and prosecuting the claims in the Action, Class Counsels' experience in handling class actions and the claims of the type asserted in the Action, Class Counsels' knowledge of the applicable law and the resources Class Counsel have committed and will commit to representing the Settlement Class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. The Court authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class. Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

11. The Court finds that the notice provisions set forth in Section IV of the Settlement (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Settlement Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

12. Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses and Enhancement Awards is hereby granted. Defendant shall pay Plaintiffs' Counsel $790,000 for attorneys' fees and $28,808.17 for reimbursable expenses.

13. The Court finds the hourly rates submitted by Plaintiffs' Counsel to be within the range of rates approved by courts in this district. The Court also finds hours expended by Plaintiffs' Counsel to be reasonable given the complexity of this class action. Accordingly, the Court finds the aggregate lodestar of Plaintiffs' Counsel to be reasonable. As Plaintiffs' Counsel's aggregate lodestar exceeds the requested fees amount of $790,000, the Court finds that Plaintiffs' fee request to be reasonable.

13. The Court finds that the costs and expenses of $28,808.17 advanced by Plaintiffs' Counsel to be reasonably incurred. As these expenses are the kind that would normally be billed to paying clients, the Court finds that the requested expenses should be reimbursed to Plaintiffs' Counsel.

14. Defendant shall also pay $3750 to each Named Plaintiff for services rendered to the Settlement Class as a Class Representative.

15. The Court has considered the objections submitted by Settlement Class Members. Each Objection is hereby overruled.

16. A list of those members of the Settlement Class who have timely elected to opt out of the Settlement and the Settlement Class, and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, and this Order, has been submitted to the Court and is attached at the end of this Order as Exhibit A.

17. Upon the Effective Date of Settlement, the Representative Class Plaintiffs and Settlement Class members hereby forever release, discharge, waive, and covenant not to sue the Released Parties regarding any of the Released Claims. This release includes any such claims that the Representative Class Plaintiffs and

Settlement Class members do not know of or suspect to exist in their favor at the time of this release and that, if known by them, might have affected their settlement and release of the Released Parties, or might have affected their decision not to object to this agreement. The foregoing waiver includes without limitation an express waiver, to the fullest extent permitted by New Jersey law, and any and all other state laws, including any and all rights conferred by section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The foregoing waiver also includes without limitation an express waiver, to the fullest extent permitted by law, of any and all rights under any law or territory of the United States, including the District of Columbia, and any federal law or principle of common law or equity, or of international foreign law, that is comparable to section 1542 of the California Civil Code. The Representative Class Plaintiffs and Settlement Class members recognize that even if they later discover facts in addition to or different from those they know or believe to be true, they nevertheless agree that upon entry of the Final Approval Order and Judgment, the Representative Class Plaintiffs and Settlement Class members fully, finally, and forever settle and release any and all of the Released Claims. The foregoing waiver and release was a bargained for and material element of the Agreement.

18. Plaintiffs, all Settlement Class Members, and any of their predecessors, successors, representatives, parent companies, subsidiaries, affiliates, heirs, executors, administrators, attorneys, successors, and assignees are permanently enjoined from instituting, filing, commencing, prosecuting, maintaining, or continue to prosecute—directly or indirectly, as an individual or collectively,

representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever—any action in any state or federal court or in any other tribunal, forum, or proceeding of any kind that asserts any of the Released Claims against the Released Parties.

19. This Final Approval Order, the Settlement Agreement, and any action taken pursuant to them shall not constitute or be construed as:

    (a) an admission of the validity of any claim or any factual allegation that was or could have been made by the Representative Class Plaintiffs and Settlement Class members in the Action, or of any wrongdoing or fault, violation of law, or liability of any kind on the part of any of the Released Parties; or

    (b) an admission by any of the Released Parties that any requirement for class certification is satisfied in the Action or in any other litigation.

This Final Approval Order and the Settlement Agreement shall not be offered or admitted into evidence by or against the Released Parties, or cited or referred to in any action or proceeding, except: (a) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement; or (b) in any action to support a defense of issue preclusion, claim preclusion, release, estoppel or similar defense in law or equity.

20. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing jurisdiction to implement the Settlement and to construe, enforce, and administer the Settlement.

21. This Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, expect as specified herein.

22. The Court's decision rendered on the record on October 6, 2017 constitutes the Opinion of the Court.

23. The Clerk of Court is directed to close this docket.

DATED: October 6, 2017

By: _____

Claire C. Cecchi
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Chan v. Porsche Settlement
Case No. 2:15-cv-02106-CCC

**REQUESTS FOR EXCLUSION**

|     | GCG ID NUMBER | NAME | CITY | STATE |
|-----|---------------|------|------|-------|
| 1.  | 1113065 | PAUL FRALEIGH | TAMPA | FL |
| 2.  | 1124401 | JAMES AND WENDY ALCOOK | MARS | PA |
| 3.  | 1039173 | CHRISTOPHER AND AMY GEGG | CHARLOTTE | NC |
| 4.  | 1007372 | RONALD AND BARBARA HOSMER | MISSION VIEJO | CA |
| 5.  | 1040480 | DANIEL AND MARK DIDEO | JACKSONVILLE | FL |
| 6.  | 1109115 | KEVIN S. HRAB | CLARENCE CTR | NY |
| 7.  | 1108004 | THOMAS J. MAY | WESTWOOD | MA |
| 8.  | 1144351 | ELIZABETH WILCOX SABA | PHOENIX | AZ |
| 9.  | 1145834 | BRYAN AND ELIZABETH SABA FAMILY TRUST | PHOENIX | AZ |
| 10. | 1068974 | MICHAEL F. SHEETS | KAYSVILLE | UT |
| 11. | 1011498 | ROBERT D. CURRAN | RICHMOND | CA |
| 12. | 1143894 | DANIEL Y REUBEN | MT PLEASANT | SC |
| 13. | 1100015 | EDWARD SCHEID | GIG HARBOR | WA |
| 14. | 1112788 | RONALD P. SCHECTER | NEW YORK | NY |
| 15. | 1089419 | SALVADOR AND JEANNETTE CORRERO | CONROE | TX |
| 16. | 1151941 | SPYRO PETER VULGAROPULOS | CARY | NC |
| 17. | 1010023 | STEPHEN M. KOPPEKIN | TARZANA | CA |
| 18. | 1131721 | VALERIE AND ROBERT WATSON | ALEDO | TX |
| 19. | 1158123 | ARNALDO GOMES | WARREN | NJ |
| 20. | 1070280 | LOUIS RICHARD BOWEN | EUSTIS | FL |